UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANITRA MONTEIRO, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| NORTHEAST FOODS, LLC | : | |
| | : | |
| Defendant. | : | September 14, 2023 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Anitra Monteiro, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, Northeast Foods, LLC, respectfully alleges:

## PARTIES

1.  Plaintiff Anitra Monteiro was and is a Connecticut citizen residing in the City of Waterbury.

2.  Defendant Northeast Foods, LLC was and is a Massachusetts limited liability company with a principal place of business located at 4415 Highway 6, Sugarland, Texas 77478.

3.  Defendant owns and operates Burger Kings including the Burger King located at 198 Thomaston Avenue, Waterbury, Connecticut 06702.

4.  At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

5.  At all times material, defendant was an employer within the meaning of the ADAAA.

1

6. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-58 *et seq.*

7. At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-58 *et seq.*

## JURISDICTION AND VENUE

8. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

9. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

10. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

11. Defendant employed plaintiff.

12. Defendant hired plaintiff on or about June 3, 2022.

13. Plaintiff's job position was Manager of the Burger King at 198 Thomaston Avenue, Waterbury, Connecticut 06702.

14. Plaintiff was qualified for the job.

15. Plaintiff has a disability.

16. Specifically, plaintiff is diabetic.

17. Plaintiff's diabetes is chronic.

18. Plaintiff's diabetes is a disease which affecting one or more of a number of body systems including the endocrine system.

19. Defendant was notified that plaintiff was diabetic.

20. Plaintiff was hospitalized because of her diabetes.

21. She was in the hospital's ICU.

22. Defendant was notified of plaintiff's hospitalization.

23. Defendant was notified that plaintiff was hospitalized for her diabetes.

24. Plaintiff notified defendant of her intention to return to her job once the hospital discharged her.

25. On or about July 3, 2022, defendant terminated plaintiff's employment.

26. Defendant terminated plaintiff on the same day she was discharged from the hospital.

27. Plaintiff's supervisor was Tanika (do not recall last name).

28. Defendant has an employee handbook.

29. The employee handbook contains a progressive disciplinary policy.

30. Defendant uses progressive discipline.

31. Plaintiff's medical leave of absence was a reasonable accommodation.

32. Plaintiff can perform the essential functions of the job with or without a reasonable accommodation.

33. Any and all reasons offered by defendant to explain the termination decision would be a pretext to cover up unlawful discrimination and/or retaliation.

34. On or about November 10, 2022, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

35. On or about November 10, 2022, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

36. On or about July 5, 2023, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

37. On or about July 7, 2023, Plaintiff received a right to sue letter from the EEOC attached hereto as Exhibit 2.

## FIRST COUNT
### (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 37 above as if fully incorporated herein.

38. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

39. Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant intentionally discriminated against the plaintiff on the basis of disability.

40. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

41. As a further result of defendant's discrimination of the plaintiff, plaintiff has been

deprived of income, wages, and benefits.

42. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

43. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

44. Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT
### (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 44 above as if fully incorporated herein.

45. Plaintiff requested reasonable accommodation for her disability.

46. Defendant denied the accommodation as it terminated her employment the day she was discharged from the hospital.

47. As a result of the accommodation denials, plaintiff sustained harms and losses.

## THIRD COUNT
### (Retaliation in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 47 above as if fully incorporated herein.

48. Plaintiff requested reasonable accommodation for her disability.

49. Defendant received plaintiff's accommodation request was it was notified that she

was hospitalized due to her diabetes.

50. Defendant retaliated against plaintiff for requesting reasonable accommodation.

51. As a result of the retaliation, plaintiff sustained harms and losses.

## FOURTH COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(B)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 51 above as if fully incorporated herein.

52. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of her disability;

(e) In that defendant intentionally discriminated against the plaintiff.

53. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

54. As a result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

55. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss

6

of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

56. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FIFTH COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 56 above as if fully incorporated herein.

57. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

(a) In that defendant failed to accommodate plaintiff's disability;

(b) In that defendant failed to engage in good faith with the reasonable accommodation interactive process.

58. As a result of defendant's failure to accommodate, plaintiff has been deprived of income, wages, and benefits.

59. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

60. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SIXTH COUNT
### (Retaliation in Violation of C.G.S. §46a-60(b)(4))

1. Plaintiff repeats the allegations in paragraphs 1 through 60 above as if fully incorporated herein.

61. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.*, when it retaliated against plaintiff for requesting a reasonable accommodation.

62. As a result of the retaliation, plaintiff sustained harms and losses.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, , emotional distress; ADA punitive damages; CFEPA punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated: September 14, 2023

_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Anitra Monteiro
**COMPLAINANT**

CHRO No. 2330193
vs.                                                   EEOC No. 16A202300206

Northeast Foods LLC
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

**DATE:** July 5, 2023                        Tanya A. Hughes, Executive Director

Service:
Complainant: anitamonteiro1989@gmail.com
Complainant's attorney: jsabatini@sabatinilaw.com
Respondent: Northeast Foods LLC
Respondent's attorney: jfritz@fisherphillips.com

# EXHIBIT 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/07/2023

**To:** Anitra Monteiro
74 Englewood Ave
Waterbury, CT 06705

Charge No: 16A-2023-00206

EEOC Representative and email:     AMON KINSEY
Supervisory Investigator
Amon.Kinsey@EEOC.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing another forum.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
07/07/2023

Timothy Riera
Acting District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16A-2023-00206 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

Enclosure with EEOC Notice of Closure and Rights (01/22)

## "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*